Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorneys for Systems & Services Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINA GUSTAFSON, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., SYSTEMS & SERVICES TECHNOLOGIES, INC., is a business entity, form unknown; HSBC BANK USA NATIONA ASSOCIATION and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.  14-CV001453-ODW-E<br>DEFENDANT SYSTEMS & SERVICES TECHNOLOGIES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)<br><br>Date: June 2, 2014<br>Time: 1:30 p.m.<br>Courtroom: 11<br>Judge: Hon. Otis D. Wright |

Defendant Systems & Services Technologies, Inc. ("SST") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the  Complaint of Raina Gustafson Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. **INTRODUCTION**

Plaintiff alleges that SST unlawfully "double reported" her delinquent debt to the credit reporting agency Experian.  Plaintiff has attempted to fashion four separate causes of action based on this single charging allegation.  Each claim fails as a matter of law.

Plaintiff alleges that SST is a "furnisher" under the Fair Credit Reporting Act ("FCRA").  However, a consumer has no private right of action under the FCRA against a furnisher for its alleged failure to provide accurate information to the credit reporting agencies because enforcement is limited to government agencies and officials.  Notwithstanding, the information furnished by SST was accurate and permitted by the FCRA.

Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California Consumer Credit Reporting Agencies Act ("CCCRAA") causes of action are each derivative of her FCRA claim and equally fail as a matter of law.

Dismissal of the entire case, with prejudice, is warranted as amendment would be futile because no private right of action exists and SST's reporting was complete and accurate.

## II. **STATEMENT OF FACTS**

Plaintiff alleges that SST "is a loan servicing and payment processing company, which reports [] delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act [("FCRA")]."  (Compl. ¶¶ 2, 7.)

Plaintiff references her Experian Credit Report throughout her Complaint.  (Compl. ¶¶ 8, 9, 10, 11, 13, 15, 19, 25, 28, 30, 31.)  A true and correct copy of Plaintiff's Experian Credit Report, as it pertains to SST, is attached hereto as

Exhibit ("Ex.") A.

On June 6, 2006, Plaintiff opened a credit card account with Synovus, formerly known as Columbus Bank & Trust.  (*See* Ex. A.)  Synovus hired SST as its loan servicer, to service the credit card account, process payments, and report delinquent debts to the credit reporting agencies, such as Experian.  (Compl. ¶¶ 2, 7; Ex. A.)

On April 4, 2007, Plaintiff made what would be her last payment on the credit card.  (*See* Compl. ¶ 8; Ex. A.)  A balance of $705 remained on which she became delinquent.  (*Id.*)  After Plaintiff was over 150 days past due, Synovus charged-off and sold the debt.  (Ex. A.)  SST, as servicer on the account, reported the charge-off to Experian.  (*See* Compl. ¶ 8; Ex. A.)  As Plaintiff admits, Synovus' charge-off must be reported for 7 years.  (*Id.*)

Synovus sold Plaintiff's debt to CIGPFI Corporation ("CIGPFI").  (Ex. A.)  Plaintiff's credit report fully discloses the sale by stating that her debt was "PURCHASED BY ANOTHER LENDER."  (*Id.*)  CIGPFI purchased the right to collect the debt, is also a "furnisher" under the FCRA, and is also required to furnish information to the credit reporting agencies.  (*Id.*)  CIGPFI also hired SST as its loan servicer, to service the account, process any payments, and report delinquent debts to the credit reporting agencies.  (*See* Compl. ¶¶ 2, 7; Ex. A.)  SST, as agent and servicer for CIGPFI, furnished delinquent CIGPFI account information to the credit reporting agencies.  (Ex. A.)

Plaintiff formally disputed the alleged "double reporting."  (Compl. ¶ 12.)  Pursuant to the FCRA, SST thoroughly investigated Plaintiff's claims and annotated the dispute on her credit report.  (Ex. A.)

## III.   **BACKGROUND AND PROCEDURAL HISTORY**

On February 26, 2014, Plaintiff filed the complaint alleging causes of action

for violation of the FCRA, FDCPA, RFDCPA, and CCCRAA against SST.  On March 20, 2014, SST was served with the complaint.  On April 9, 2014, Plaintiff's counsel granted SST an additional two weeks to respond to the complaint.  On April 10-11, 2014, counsel for SST met and conferred with Plaintiff's counsel pursuant to Local Rule 7-3.

## IV.   LAW AND ARGUMENT

To survive a motion to dismiss under the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009), quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The *Twombly* Court explained the purpose of Rule 8(a)(2) is to "give the defendant fair notice of the claim and the grounds upon which it rests." *Id.*  When the allegations in a complaint fail to sufficiently state a claim showing that the plaintiff is entitled to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.

"Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss," *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir.2001), and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A defendant may attach to a Rule 12(b)(6) motion a document referred to in the complaint to show that it does not support a plaintiff's claim.  *See Branch v.*

*Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).   The court may incorporate those documents by reference into the complaint for purposes of deciding the motion.   *Davis v. HSBC Bank Nevada, N.A.*, 691 F3d 1152, 1159-60 (9th Cir. 2012).   These requirements prevent a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive document on which it relied.   *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

### A.   **Plaintiff Fails to State an FCRA Claim**

Plaintiff has no cause of action under the FCRA, as a matter of law. Although the FCRA gives consumers a private right of action against those who violate its provisions, that right of action is limited to claims against the credit reporting agencies; it does not extend to furnishers of information to agencies. *Sanders v. Mountain America Federal Credit Union,* 689 F.3d 1138 (10th Cir. 2012).   A consumer has no private right of action under the FCRA against a furnisher of information for its failure to provide accurate information to credit reporting agencies because enforcement of the section is limited to government agencies and officials.   *Marshall v. Swift River Academy, LLC,* 327 Fed. Appx. 13 (9th Cir. 2009); *Loomis v. U.S. Bank Home Mortg.,* 912 F.Supp.2d 848 (D. Ariz. 2012); *Nelson v. Equifax Information Services, LLC,* 522 F.Supp.2d 1222 (C.D. Cal. 2007); *Rollins v. Peoples Gas Light and Coke Co*., 379 F. Supp. 2d 964 (N.D. Ill. 2005).   Here, Plaintiff admits that SST is a "furnisher" under the FCRA. (Compl. ¶ 7.)   Therefore, her FCRA claim fails as a matter of law.

Nor can Plaintiff state a claim against SST for failure to investigate.   The record is clear that SST promptly investigated Plaintiff's dispute and reported the

results of the investigation to the credit reporting agency.  (Ex. A.); 15 U.S.C. § 1681s-2(b).  SST investigated Plaintiff's dispute, verified that its reporting was accurate, and therefore did not violate the FCRA as a matter of law.  *See Edeh v. Midland Credit Management, Inc.,* 748 F.Supp.2d 1030 (D.Minn. 2010), affirmed 413 Fed.Appx. 925, 2011 WL 904504 (holding no FDCPA violation where furnisher investigated accuracy of debt and verified information it furnished was accurate.)

Here, Plaintiff simply misstates the furnisher's obligation under the FCRA. Synovus is required to report Plaintiff's charged-off account for 7 years.  15 U.S.C. § 1681c(a)(4) & (c)(1).  CIGPFI, as a debt purchaser, is permitted to separately report its account. *See e.g.* 15 U.S.C. § 1681s-2(a)(5); Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act, 55 FR 18804-01, at 18817-18818 (May 4, 1990).

> [A] consumer's repayment agreement with a collection agency can be treated as a new account that has its own seven year period . . . the reporting of accounts placed for collection or charged to profit and loss is governed by subsection (a)(4), and the reporting of other delinquent accounts is governed by subsection (a)(6).  Any such item, even if discharged in bankruptcy, may be reported separately for the applicable seven year period . . .
>
> . . .
>
> The fact that an account has been placed for collection or charged to profit and loss may be reported for seven years from the date that either of those events occurs, regardless of the date the account became delinquent. The fact of delinquency may also be reported for seven years from the date the account became delinquent.

55 FR at 18817-18818.

Here, SST/Synovus reported the debt as charged-off, whereas SST/CICPFI reports the active collection account as delinquent.  (Ex. A.)  Both trade lines are accurate and permitted under the FCRA.

**B.**     **Plaintiff Fails to State an FDCPA Claim**

Plaintiff fails to allege how SST violated the FDCPA.  (Compl. ¶ 28.)  And therefore her claim fails as a matter of law.

Generally, the FDCPA prohibits "false, deceptive, or misleading" collection tactics.  15 U.S.C. § 1692 *et al.*  Even if properly alleged, there is nothing "false, deceptive, or misleading" to report that a consumer failed to pay a debt after it went to collection when that consumer also failed to pay the debt before it went to collection."  *Kohut v. Trans Union LLC,* Case No. 04 C 2854, 2004 WL 1882239 (N.D. Ill. Aug. 11, 2004) (dismissing claims of double-reporting as not a violation of the FDCPA).  This case is analogous to *Kohut* where the consumer also raised double-reporting allegations against a debt collector who acquired the debt from the original creditor.    The *Kohut* court held that a debt collector's subsequent reporting of the debt after the original creditor had already reported the same debt was not "false, deceptive, or misleading," because it was accurate.

> The parties have not cited, and the court has been unable to locate, any factually similar cases where a plaintiff raised a double-reporting argument under the FDCPA. . . . it is not false, deceptive, or misleading for [the debt collector] to tell a consumer credit reporting agency that it attempted to collect a debt . . . even if that leads to two records relating to the same debt in [the] credit report.  As noted above, [the original creditor] reported [the] debt after [the consumer] defaulted on a loan . . . then sold the debt to [the debt collector], who

also unsuccessfully tried to collect the debt. *Id.* at *2.

The Court held that it is not "false, deceptive, or misleading" for a debt collector to report that it was unable to collect a valid debt. Any pressure caused by two reports of delinquency (pre- and post-collection) is not "false, deceptive, or misleading" under 1692e and 1692e(10) of the FDCPA because it arises out of the reporting of a valid debt. *Id.* at *3.

## C.     **Plaintiff Fails to State an RFDCPA Claim**

The Rosenthal Fair Debt Collection Practices Act ("RFDCPA") was enacted to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts. Cal. Civ. Code § 1788.1(b). The RFDCPA states that debt collectors must also comply with Chapter 15 of the United States Code Sections 1692(b)-1692(j) and be subject to the remedies proscribed in Chapter 15 of the United States Code in Section 1692(k) (the FDCPA). Cal. Civ. Code § 1788.17.

Plaintiff alleges that SST violated the FDCPA at 15 U.S.C. §§ 1692d-1692f by continuing to collect and continuing to report the debt to CIGPFI. As set forth above, SST did not violate the FDCPA. CIGPFI purchased the debt and is entitled to collect the debt. CIGPFI hired SST as its servicer. Plaintiff fails to allege that the debt is invalid. Plaintiff only alleges that the debt was "double reported." As set forth above, SST, as servicer for both Synovus and CIGPFI is permitted to report both trade lines. Plaintiff's RFDCPA claim fails as a matter of law.

## D.     **Plaintiff Fails to State an CCCRAA Claim**

The relevant part of the CCCRAA states that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit re-

---

porting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ.Code § 1785.25(a).

Here again, Plaintiff's CCCRAA claim is derivative of her FCRA claim.  As set forth above, nothing in the attached credit report is incomplete or inaccurate.

As the Ninth Circuit has explained, the requirements of section 1785.25 of the CCCRAA and section 1681s–2(a) of the FCRA are "nearly identical." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1172 (9th Cir. 2009).  And to the extent Plaintiff's CCCRAA claim is based on an alleged failure of SST to investigate her dispute, her claim is contradicted by the record, (Ex. A), and is preempted by the FCRA.  *Carvalho v. Equifax Info. Servs.,* LLC, 629 F.3d 876 (9th Cir. 2013) .

## V.   LEAVE TO AMEND SHOULD BE DENIED

The district court may exercise its discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  When the district court denies leave to amend because of futility of amendment, it will be upheld if "it is clear . . . that the complaint would not be saved by any amendment." *Leadsinger, Inc. v. BMG Music Publ'g, 512* F.3d 522, 532 (9th Cir.2008) (internal quotation marks omitted).

Here, Plaintiff cannot show any inaccuracy in her credit report as a matter of law, the Court should conclude that amendment would be futile.  "[T]here [is] no need to prolong the litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1039 (9th Cir.2002).

## VI.   <u>CONCLUSION</u>

Even read in a light most favorable to the non-moving party, Plaintiff has failed to state a claim for relief.   For the foregoing reasons, SST respectfully requests this Court grant its Motion to Dismiss, with prejudice.

Dated: 4/23/14                          SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
                                        <u>/s/ Damian P. Richard</u>
                                        Damian P. Richard
                                        Attorneys for Defendant
                                        SYSTEMS & SERVICES
                                        TECHNOLOGIES, INC.