O

# United States District Court
# Central District of California

| RAINA GUSTAFSON, | Case No. 2:14-cv-01453-ODW(Ex) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SYSTEMS & SERVICES TECHNOLOGIES, INC.'S MOTION TO DISMISS [14]** |
| EXPERIAN INFORMATION SOLUTIONS INC.; SYSTEMS & SERVICES TECHNOLOGIES, INC.; HSBC BANK USA NATIONAL ASSOCIATION; DOES 1–10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Raina Gustafson alleges that Defendant Systems & Services Technologies, Inc. ("SST") violated myriad federal and state debt-collection laws by allegedly "double reporting" a debt. Gustafson contends that SST inaccurately reported the same $705 debt twice, though under different names and with different account numbers, and failed to accurately conduct an investigation after receiving dispute notice from her and Defendant Experian Information Solutions Inc. Various federal-law provisions limit her ability to privately enforce her claims and preempt portions of her state-law claims. But the Court finds that she has adequately pleaded

the remainder of her claims. The Court therefore **GRANTS IN PART** and **DENIES IN PART** SST's Motion to Dismiss.[1] (ECF No. 14.)

## II. FACTUAL BACKGROUND

SST is a loan servicing and payment processing company, which reports delinquent debts to credit bureaus and is a "furnisher" under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–81x. (Compl. ¶ 2.)

On February 8, 2012, Gustafson obtained a copy of her Experian credit report and discovered two entries for an SST account. (*Id.* ¶ 8.) The first account read "SST/CIGPFICORP, Account #1970xxxxxx; Status: charged off $705; Status Details: this account is scheduled to continue on record until March 2014." (*Id.*) The second entry listed "SST/SYNOVUS, Account #403624000702xxx; Status: Closed $705 written off." (*Id.*)

In February 2012, September 2013, October 2013, November 2013, December 2013, and January 2014, Gustafson requested that Experian investigate and remove one of the SST accounts that was allegedly being double reported. (*Id.* ¶ 16.)

Gustafson obtained subsequent credit reports on October 22, 2013, and November 11, 2013, and noted the same two SST entries. (*Id.* ¶¶ 10–11.) The November 2013 report further stated that the credit grantor had verified the accuracy of the entries and would not engage in further investigation of Gustafson's disputes. (*Id.* ¶ 11.)

On February 26, 2014, Gustafson filed this action against, among others, SST, alleging violations of FCRA; California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788–88.3; the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–92p; and the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code §§ 1785.1–85.6. (ECF No. 1.) On April 23, 2014, SST moved to dismiss Gustafson's Complaint under

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14.)  Gustafson timely opposed.  (ECF No. 17.)  That Motion is now before the Court for decision.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed.  Fed. R. Civ. P. 15(a).  But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

/ / /

## IV. DISCUSSION

The Court finds that some of Gustafson's claims are preempted by federal law or limited to government enforcement. But the Court finds that Gustafson properly pleaded the remaining claims.

### A. FCRA

FCRA prohibits, among other things, "furnishers of information" from providing information to a credit-reporting agency that they know or have to reason to believe is inaccurate about a consumer. 15 U.S.C. § 1681s-2(a)(1)(A). If a furnisher receives notice of a consumer dispute from a credit-report agency, FCRA obligates the furnisher to conduct a reasonable investigation of the disputed information. § 1681s-2(b)(1)(A); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (interpreting the word "investigation" to mean a "reasonable" investigation).

FCRA empowers an individual to bring a private right of action against any "person" who either willfully fails to comply with the Act's requirements, § 1681n, or who negligently fails to do so, § 1681*o*. But FCRA expressly limits a private action against a furnisher to only damages arising out of a furnisher's failure to comply with the investigation requirements triggered upon a credit-reporting-agency dispute notice. § 1681s-2(c)(1). That is, a consumer has no ability to bring suit against a furnisher for failure to conduct a reasonable investigation when the consumer disputes the information directly with the furnisher. *Id.* Enforcement of, among others, § 1681s-2(a) is left to federal and state agencies and officials. § 1681s-2(d).

SST argues that a consumer has no private right of action against a furnisher of information under 15 U.S.C. § 1681s-2(a), because enforcement is limited to government agencies. To the extent that Gustafson alleges a § 1681s-2(b) failure-to-investigate claim, SST asserts that the record is clear that SST promptly investigated Gustafson's dispute and reported the investigation's results to the credit-reporting agencies. Finally, SST contends that FCRA empowers CIGPFI as a debt purchaser to separately report its account. SST attached a copy of Plaintiff's credit report to its

Motion. SST claims that it reported the Synovus debt as charged-off, whereas it reported the CIGPFI active collection account as delinquent consistent with FCRA.

Gustafson does not dispute that a private person may not bring her own claim under § 1681s-2(a). Rather, she contends that she brings her FCRA claim under § 1681s-2(b) by alleging that SST failed to properly investigate her claim after being informed of the dispute by Experian. Plaintiff also disputes SST's reliance upon her credit report, arguing that SST failed to properly authenticate it and that the Court may not consider it on a Rule 12(b)(6) motion. Lastly, Gustafson claims that there is no authority presented that permits a furnisher to double report the same debt in the manner as SST did.

In her Complaint, Gustafson does not actually cite to any particular FCRA sections when alleging that SST violated the Act. But many of her allegations bespeak a violation of § 1681s-2(a) in that SST allegedly provided inaccurate information to the credit-reporting agencies. To the extent that Gustafson attempts to bring these claims, she has no private right of action to enforce them. § 1681s-2(c)(1).

Gustafson also alleges that SST "failed to correct the errors [on her credit report] and failed to undertake sufficient investigation upon being notified of the errors [by Experian]." (Compl. ¶ 18.) This allegation makes out a § 1681s-2(b) claim, which is subject to private enforcement by Gustafson.

A host of problems plague SST's arguments that the record purportedly establishes that SST properly investigated the dispute. First, the Court must accept Gustafson's factual allegations as true at this stage—including that SST failed to investigate the dispute. SST may not turn this Motion to Dismiss into a mini-trial of Gustafson's FCRA claim by arguing that Plaintiff's factual allegations are "untrue."

Second, even if the Court may consider Gustafson's credit report under the incorporation-by-reference doctrine, SST wholly failed to authenticate it.[2] SST

---

[2] SST also violated Local Rule 5.2-1 by failing to redact what appears to be Gustafson's home address. Continued failures to comply with any applicable rules will subject counsel to sanctions within this Court's discretion under Local Rule 83-7.

simply attached the report to its Motion with no accompanying declaration from a person with personal knowledge of its origin and accuracy. The Court thus gives short shrift to the document.

Finally, SST misrepresents what the report says, further straining its credibility. SST states, "Here, SST/Synovus reported the debt as charged-off, whereas SST/CICPFI [*sic*] reports the active collection account as delinquent." (Mot. 7:2–3.) But in reality, the credit report at Exhibit A establishes the exact opposite, which then does absolutely nothing to bolster SST's argument that FCRA entitled CIGPFI to report the debt it purchased from Synovus as delinquent. (Mot. Ex. A.)

SST correctly points out that the Federal Trade Commission has interpreted FCRA to permit a furnisher to report an account as both charged-off and delinquent if both of those events occur. Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act, 55 FR 18804-01, 18818 (May 4, 1990). Gustafson maintains that the double entries were not accurate and thus that FCRA does not allow the reporting in the manner done by SST. But any inaccuracy in reporting is not privately actionable per § 1681s-2(c)(1). So even if Gustafson were correct that FCRA does not allow the two tradelines that SST included on her report, she may not maintain her claim for those alleged violations.

The Court therefore **GRANTS** SST's Motion **WIHTOUT LEAVE TO AMEND** with respect to any of Gustafson's claims for violations of § 1681s-2(a) or for double reporting. The Court **DENIES** the Motion on all other FCRA grounds, including violation of § 1681s-2(b).

**B.   FDCPA**

Congress enacted the FDCPA to eliminate abusive debt collection practices, including the harassment and abuse of consumers. 15 U.S.C. § 1692(e). "To effectuate this purpose, the Act prohibits a 'debt collector' from making false or misleading representations and from engaging in various abusive and unfair

/ / /

practices." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008); 15 U.S.C. §§ 1692(d)–(f).

Gustafson alleges that SST violated three different FDCPA provisions: §§ 1692d, 1692e, and 1692f. (Compl. ¶ 25(a)–(c).) Section 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Neither may a debt collector "use any false, deceptive, or misleading representation or means in connection with the collection of any debt," such as falsely representing the character or legal status of the debt or threatening to take an action that cannot be legally done. § 1692e. Further, the FDCPA proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt," including collecting any amount not permitted by law. § 1692f.

Citing to *Kohut v. Trans Union LLC*, No. 04 C 2854, 2004 WL 1882239 (N.D. Ill. Aug. 11, 2004), SST argues that "it is not 'false, deceptive, or misleading' to report that a consumer failed to pay a debt after it went to collection when that consumer also failed to pay the debt before it went to collection." *Id.* at *2. SST thus recapitulates its argument that double reporting—such as the two tradelines for SST/Synovus and SST/CIGPFI—is not actionable under the FDCPA.

But Gustafson distinguishes *Kohut*, pointing out that unlike in that case, the parties here dispute whether the tradelines are accurate in the first place. Gustafson also cites her own case which established that a furnisher double reporting the same debt could be actionable under the FDCPA. *See Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 339 (N.D. Ill. 2001) (finding only that double reporting created a common legal question sufficient for class certification).

SST's reliance on *Kohut* is misplaced. In that case, the court specifically noted that "the parties agree[d] that [the furnisher's] report was accurate." 2004 WL 1882239, at *2. But here, Gustafson disputes whether the two tradelines were accurate. If she is correct that the double entries are not accurate, then that reporting

would constitute a "false, deceptive, or misleading representation" actionable under the FDCPA. *See* § 1692e. SST also does not dispute Gustafson's §§ 1692d and 1692f allegations. The Court accordingly **DENIES** SST's Motion on all FDCPA grounds.

### C. RFDCPA

The California Legislature explicitly incorporated the FDCPA's provisions into the RFDCPA, including the proscriptions in §§ 1692d–f. Cal. Civ. Code § 1788.17. SST simply reiterates its FDCPA arguments with respect to Gustafson's RFDCPA claim. Since the Court denied SST's Motion with respect to the federal claim, the Court similarly **DENIES** SST's Motion on all RFDCPA grounds.

### D. CCCRAA

Gustafson also alleges that SST violated the CCCRAA. The Act provides that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). This section's commands are "nearly identical" to those in § 1681s-2(a) of FCRA. *Gorman*, 584 F.3d at 1172.

While FCRA expressly preempts any state requirements or prohibitions with respect to the subject matter regulated under 15 U.S.C. § 1681s-2(a), Congress specifically exempted California Civil Code section 1785.25(a) from preemption. This exclusion works a strange result. A plaintiff may not bring a private action to enforce violations relating to inaccurate information under FCRA, but she may bring one on the same basis under the CCCRAA. Equally as strange, while a plaintiff may bring a failure-to-investigate claim under FCRA, Congress did not exempt CCCRAA's failure-to-investigate provision from preemption. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (holding that FCRA preempts section 1785.25(f) relating to failure to investigate upon receipt of dispute notice from a credit-reporting agency).

SST argues that Gustafson's CCCRAA claim fails with her FCRA claim and that the "record" contradicts her failure-to-investigate claim. SST also points out that

FCRA preempts CCCRAA's attempt to regulate failures to investigate. But Gustafson contends that her CCRAA claims relies upon section 1785.25(a), which Congress saved from the preemption chopping block.

To the extent that Gustafson brings a failure-to-investigate claim under the CCCRAA, FCRA preempts that claim. The Court thus **GRANTS** SST's Motion on that ground **WITHOUT LEAVE TO AMEND**. But Gustafson's litany of false-information allegations survives FCRA preemption and is actionable under section 1785.25(a). The Court accordingly **DENIES** the Motion on this basis.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** SST's Motion to Dismiss as enumerated above. (ECF No. 14.) Since the Court denies leave to amend on the grounds for which it grants SST's Motion, SST shall file its answer to the Complaint within 14 days.

**IT IS SO ORDERED.**

May 21, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**